UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRY ROBINSON,

      Plaintiff,

v.                Case No. 23-cv-1391-pp

WARDEN WELLS,[1] *et al.*,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

  Plaintiff Harry Robinson, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

---

[1] The complaint lists this defendant as Warden Well. The court will correct the docket to reflect that the defendant's last name is Wells.

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 9, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $32.21. Dkt. No. 6. The court received that fee on November 27, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued Warden Wells, who was the warden at Racine Correctional Institution; Sergeant Lipski, who worked at Racine as property personnel and was responsible for the operation of the mailroom; Ms. G, who worked in the property department; Lieutenant Slawson, who worked at Racine; John Doe, who worked in the warehouse at Racine; and Jeff, who worked as a recreation officer at Racine. Dkt. No. 1 at ¶¶2-6.

The plaintiff alleges that on September 6, 2021, he had a package the size of shoe box containing personal legal transcripts and discovery material addressed to his family to help him find and obtain an attorney. Id. at ¶8. All the correct documents (including a DOC-184 disbursement request form) were sent with the package and brought to the property department ("property") for a UPS delivery. Id. On September 22, 2021, defendant Lipski "or the Property Dept" filed and produced a property form stating that the plaintiff's package had been shipped out. Id. at ¶9.

The plaintiff alleges that on November 17, 2021, he asked property staff about the package because it had not made it to its destination nor had the plaintiff received the receipts showing the charge for the shipment. Id. at ¶10. Sergeant Lipski allegedly responded that he did not control U.S. mail. Id. The plaintiff states that "through [his] communicating with the property department he . . . found out that his package was not sent out." Id. at ¶11.

On December 2, 2021, the plaintiff allegedly sent another DOC-761 form to property asking for information about the whereabouts of his legal documents and informing them of the day it was said to have been sent out. Id. at ¶12. Defendants Jeff and Ms. G. allegedly recorded, noted and documented on the appropriate clipboard that the package was sent out Wednesday. Id. The package allegedly was to be sent from property to the warehouse and Lipski contracted the warehouse. Id. at ¶13.

The plaintiff alleges that on December 20, 2021, he wrote the warehouse department regarding the missing package. Id. at ¶14. He allegedly informed

the warehouse that his legal mail had not been sent out on the day claimed, and he asked for some information. Id.

The plaintiff alleges that on January 11, 2022, he contacted Racine Correctional Institution's business office, informing them that "he had in fact sent out a box containing legal material during the month of September 2021, on a Wednesday. Ms. G and . . . Jeff was processing the plaintiff's package to be shipped out via U.P.S." Id. at ¶15. The plaintiff asked why his package had not made it to the recipient. The next day, someone from the business office responded to the plaintiff stating, "We only process the disbursements. Once something is mailed out. If a disbursement wasn't processed, it is because we never received it. You need to talk to those who assisted you." Id. at ¶16. The day after that, Lieutenant Slawson responded, "I'm sorry to keep you hanging. I have been working with the warehouse and property in order to find your box of legals. I have contacted UPS which wasn't much help. We are still looking into the matter. Thank you for your patience. I am also working on locating your headphones. They may have to be reimbursed if not found." Id. at ¶17.

The plaintiff states that he was informed he would be compensated for the missing legal documents. Id. at ¶18. He allegedly was to put together a proposal form to submit. Id. The program service coordinator, Ms. Bellis (not a defendant), responded, "As we discussed on the Milwaukee unit you need to explain what you are proposing. Who? What? How? Cost? Benefits submit it to me and I will provide feedback where information is missing." Id.

5

The plaintiff alleges that on March 3, 2022, he wrote to Warden Wells regarding the status of the issue with his legal documents. Id. at ¶19. The plaintiff allegedly received a response that stated, "I have been assigned for follow-up on answer we discussed." Id. The plaintiff states that on that same day, he contacted the security director about the status of his legal documents. Id. at ¶20. Captain Caira (not a defendant) allegedly responded, "I reviewed your case, and we can not find your legal box. Write ICE and they will have to figure out what to reimburse you." Id. The plaintiff states that, as directed, he filed a complaint. Id. ¶21. The complaint investigator allegedly rejected the complaint, stating "ICE office can't reimburse after a rejected complaint." Id.

The plaintiff alleges that on March 15, 2022, he contacted Security Director McGlaughin (not a defendant) asking that she speak with him regarding the misunderstanding with the legal documents that had been lost and the reimbursement. Id. at ¶22. McGlaughin allegedly responded, "Per the ICE the complaint was dismissed." Id. The plaintiff states that upon receiving the response from McGlaughin, he contacted the security director to ask why there was a misunderstanding as to how legal documents should be replaced if they come up missing and if the incarcerated individual will be reimbursed. Id. at ¶25. McGlaughin allegedly responded, "Warden Wells dismissed your ICE, you can appeal the decision within the time restraints from decision." Id.

The plaintiff states that the "loss of [his] legal material imped[ed] the progress of a criminal matter, and restrict[ed] the plaintiff['s] access to counsel to be retain[ed] for his criminal appeal." Id. at ¶27.

6

He claims that Wells's actions/inactions made "the inmate complaint system unavailable, and for failure to disclose exculpatory evidence to show that the plaintiff met the deadline the defendant violated the plaintiff['s] Due Process rights under the Fourteenth Amendment[.]" Id. at ¶29. The plaintiff states that Wells's actions "caused injury to the plaintiff's Fourteenth Amendment, damage to the case he was appealing, the plaintiff's right to due process." Id.

The plaintiff states that due to the warehouse defendants' "actions/inactions important legal documents w[ere] lost causing the plaintiff to be deprived the right to confidential communication with a lawyer, the plaintiff to lose time towards the deadline to file important documents losing any opportunity to present to the courts." Id. at ¶31. He claims that these defendants' actions violated his rights under the Federal Tort Claims Act (FTCA), 31 U.S.C. §3723(a)(1) as well as the Sixth and First Amendments to the United States Constitution. Id.

The plaintiff states that due to Slawson's failure to do more to fix the situation the plaintiff lost important legal documents and an opportunity for a fair procedure with the inmate complaint system. Id. at ¶33. He claims that Slawson deprived him of access to counsel in violation of the First, Sixth and Fourteenth Amendments as well as the FTCA. Id.

The plaintiff states that due to Lipski's involvement and interference the plaintiff was not notified that his package was not sent out, he was not able to make court deadlines, and he was prohibited from filing a complaint against

7

those responsible for retrieving outgoing packages. Id. at ¶35. The plaintiff claims that Lipski violated the plaintiff's rights under the First, Sixth and Fourteenth Amendments as well as the FTCA. Id.

The plaintiff states that Ms. G and Jeff were responsible for sending incarcerated individuals' outgoing property to the warehouse and that their actions deprived him of the right to try to get an attorney and to present his complaint through the prison's grievance system. Id. at ¶36. He claims that their actions violated his rights under the First, Sixth and Fourteenth Amendments as well as the FTCA. Id.

For relief, the plaintiff seeks compensatory damages.

C. Analysis

Incarcerated individuals have a due process right to access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). Prison officials may be liable for a deprivation of this right if they intentionally take or destroy an individual's legal papers. Gregory v. Nunn, 895 F.2d 413, 415 (7th Cir. 1990) (citation omitted). To state an access to the courts claim, a plaintiff must allege that the alleged interference caused actual injury:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

8

Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." Pratt v. Tarr, 464 F.3d 730, 733 (7th Cir. 2006) (quoting Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999)).

The plaintiff has not alleged that any defendant intentionally destroyed his legal mail. It appears that the plaintiff's package may have been lost. At the screening stage, however, the court liberally construes the plaintiff's claims. It will allow him to proceed on an access-to-courts claim against defendants Lipski, Jeff and Ms. G. in their individual capacities. These defendants allegedly had personal involvement in either receiving or tracking the plaintiff's package at Racine. The plaintiff states that because of the disappearance of his package he was not able to obtain an attorney for an appeal in his criminal case and he missed deadlines. At screening, these allegations are sufficient to state a claim that the loss of his legal materials caused him injury.

The plaintiff contends that the defendants violated the Federal Tort Claims Act. The only proper defendant in an FTCA action is the United States. Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008) (quoting Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope

of their employment.")). The plaintiff may not sue state officials under the FTCA.

The plaintiff's allegation that the defendants' actions resulted in the loss of his box of legal materials implicates his Fourteenth Amendment right to protection against deprivation of property without due process of law. An intentional, unauthorized deprivation of property does not violate the procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the plaintiff's loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Gable v. City of Chicago, 296 F.3d 531, 540 (7th Cir. 2002). The Court of Appeals for the Seventh Circuit has held that Wisconsin's post-deprivation procedures—the administrative complaint system, *certiorari* review under state law and tort remedies—are adequate. See Rodgers v. Genesis Behavioral Services—Crossroads, No. 22-3010, 2023 WL 727360, at *1 (7th Cir. Nov. 3, 2023) (citing Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996)); see also Wis. Stat. §§893.35; 893.51; 893.52. At this stage, the court cannot determine if the defendants' actions were "random and unauthorized." The plaintiff also has alleged that the prison's grievance system was not an adequate remedy. At this stage, the plaintiff may proceed on a due process claim against defendants Lipski, Ms. G. and Jeff based on the loss of his property.

The plaintiff may not proceed on any claims related to the prison's grievance system. He claims that defendant Wells wrongly rejected his grievance and that, as a result, he was unable to complete the exhaustion

process. A violation of state laws or regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage County, Wis., 523 F.3d 776, 784 (7th Cir. 2008)). The plaintiff has not stated a claim for relief under federal law based on his allegation that his grievance was rejected.

The plaintiff may proceed on an access to the courts claim and a due process claim against defendants Sgt. Lipski, Ms. G. and Jeff in their individual capacities. The plaintiff has not stated any other claims and the court will dismiss the remaining defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DISMISSES** defendants Wells, Slawson and John Doe.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Lipski, Ms. G. and Jeff (recreation officer at Racine Correctional Institution). Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$317.79** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Racine Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 10th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**